# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**Miguel Rodriguez-Trejo,**

    **Plaintiff,**

v.                                            **Case No.  8:05-cv-1357-T-30MSS**
                                              **Crim. Case No. 8:03-cr-384-JSM-ALL**

**United States of America,**

    **Defendant.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon Plaintiff's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on July 20, 2005, and Memorandum in support (CV Dkt. #2) filed on July 20, 2005.  The Court has undertaken a preliminary review of the motion and memorandum in support and the prior proceedings in the underlying criminal case[1] as required by Rule 4 of the Rules Governing §2255 Proceedings for the United States District Courts.  After doing so, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Plaintiff is entitled to no relief.  Consequently, the Court needs no response from Defendant.

---

[1] See case number 8:03-cr-00384-JSM-ALL.

**I.      Background.**

Plaintiff, Miguel Rodriguez-Trejo a/k/a Francisco Ramirez a/k/a Francisco Fernandez a/k/a Francisco Romero a/k/a Francisco Ramero (hereinafter referred to as "Trejo" or "Plaintiff") was indicted by a federal grand jury for the offense of being an alien in the United States who previously had been convicted of a felony offense, to wit: Possession of Cocaine, Case Number 92-3262F, under the name of Francisco Romero; Possession of Cocaine With Intent to Sell or Deliver, Case Number 92-3439F, under the name of Francisco Fernandez; and Possession of Cocaine, Case Number 93-179F, under the name of Francisco Ramero, all on February 22, 1993, in the Circuit Court, Twelfth Judicial Circuit, in and for Sarasota County, Florida, and was thereafter arrested and deported from the United States on or about March 19, 1998, and who had not received the consent of the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), (4), and 557) to re-apply for admission, was found to be voluntarily in the United States (Count I) in violation of Title 8, United States Code, Section 1326(a) and (b)(2).[2]

On November 14, 2003, a Consent to Institute a Presentence Investigation and Disclose the Report Before Conviction or Plea of Guilty was filed by Trejo.[3]  Trejo

---

[2] See CR Dkt. #1.

[3] See CR Dkt. #19.

subsequently pled guilty to Count I.[4] On February 24, 2004, the District Court entered a Judgment as to Trejo.[5] During sentencing, Trejo's offense level was increased since he had previously been deported because of a felony conviction for possession of cocaine with the intent to sell or deliver. Although Count I carries a maximum sentence of 20 years imprisonment, a fine of up to $250,000, a term of supervised release of up to 3 years, and special assessment of $100 due on the date of sentencing, the Court sentenced Trejo to 63 months imprisonment, Drug Treatment Program for 500 hours, $0 fine, supervised release of 36 months and special assessment of $100.[6] On February 26, 2004, Trejo filed a Notice of Appeal to the Eleventh Circuit Court of Appeals as to the judgment and sentence entered against him in this matter.[7] On November 5, 2004, the Eleventh Circuit entered a Judgment affirming Trejo's conviction and sentence.[8] Trejo did not challenge the Eleventh Circuit's Judgment and now seeks collateral relief under §2255.

---

[4] See CR Dkts. #20, 21.

[5] See CR Dkt. #23.

[6] See CR Dkt. #22. Additionally, upon an Oral Motion by the United States for Reduction of Defendant's Sentence pursuant to Section 5k1.1 of the United States Sentencing Guidelines, this Court granted a downward adjustment in the Trejo's guideline offense level.

[7] See CR Dkt. #24.

[8] See CR Dkt. #36.

**II.     Plaintiff's Ground for Relief**.

Plaintiff raises only one ground in support of relief: Plaintiff claims that his court appointed counsel provided ineffective assistance of counsel because he failed to research, prepare, perfect, and file an appeal arguing that Plaintiff's sentence violated the rule announced in <u>Blakely</u>, and, thereafter, in <u>Booker/FanFan</u>. In Plaintiff's memorandum of law in support of his motion to vacate, Plaintiff argues that the district court violated his rights when it enhanced his sentence and that his attorney should have argued on appeal that such enhancement violated the Supreme Court's decision in <u>Blakely</u>. Plaintiff argues that since <u>Blakely</u> was decided while his appeal was pending before the Eleventh Circuit, his counsel was ineffective by failing to amend Plaintiff's appellate brief to include an argument based upon the possible application of the ruling in <u>Blakely</u>. Finally, Plaintiff argues that if his counsel had acted diligently, the sentence imposed by the district court could have been vacated by the Eleventh Circuit and remanded for re-sentencing in accord with <u>Blakely</u> and <u>Booker/FanFan</u>.

**III.    Discussion.**

On November 14, 2003, Plaintiff consented to the entry of a PSI.[9] Also, on November 14, 2003, Plaintiff pled guilty to Count I of the Indictment admitting violation of Title 8 U.S.C. §1326(a) and (b)(2). On February 20, 2004, Plaintiff was sentenced to 63 months imprisonment. Plaintiff's sentence was enhanced pursuant to Title 8 U.S.C.

---

[9] "A defendant who fails to object to the facts in the PSI admits them." <u>United States v. Shelton</u>, 400 F.3d 1325, 1330 (11th Cir. 2005).

§1326(b)(2) because he had previously been convicted of a felony offense. On February 23, 2004, Judgment was entered. On February 26, 2004, Plaintiff filed a Notice of Appeal. On June 24, 2004, the Supreme Court issued its decision in Blakely v. Washington, 542 U.S. 296 (2004). On November 5, 2004, the Eleventh Circuit entered a Judgment affirming Plaintiff's conviction and sentence. Plaintiff did not challenge the Eleventh Circuit's ruling, thus his judgment became final on February 3, 2005 (90 days after the entry of the Eleventh Circuit Court's opinion).[10] On January 12, 2005, the Supreme Court issued it decision in United States v. Booker, 543 U.S. 220 (2005). Thus, Plaintiff's judgment became final after the Booker decision was issued.

### A. Blakely Does Not Apply To Enhancements Based On Prior Convictions.

Contrary to Plaintiff's assertions, the ruling in Blakely does not apply to the Federal Sentencing Guidelines. See Blakely, 542 U.S. 296, 305 n.9. At the time it was issued, the Supreme Court's decision in Blakely only affected certain state sentencing guidelines. In Blakely, the Supreme Court revisited the rule in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), which held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt," Blakely at 301, (emphasis supplied). The Blakely court only considered whether the sentencing procedure followed by the courts in the State

---

[10] See Clay v. United States, 537 U.S. 522 (2003).

of Washington deprived Blakely of his "federal constitutional right to have a jury determine beyond a reasonable doubt all facts legally essential to his sentence." See id.

### B. Booker Does Not Apply To Enhancements Based On Prior Convictions.

Although Blakely does not apply to the Federal Sentencing Guidelines, the Supreme Court held in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. Booker at 752-55. Thus, the Booker court held that "the Sixth Amendment right to a trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F. 3d 1291, 1298 (11th Cir. 2005).

### C. Court Does Not Err When Enhancements Are Based On Prior Convictions.

Nevertheless, the holdings in Blakely and Booker do not apply to the use of prior convictions to enhance a defendant's sentence. United States v. Orduno-Mireles, 405 F.3d 960, 962 (11th Cir. 2005). In Almendarez-Torres, the Supreme Court held that 8 U.S.C. §1326(b)(2) is an enhancement to the crime described in 8 U.S.C. §1326(a), not a separate crime. Almendarez-Torres, 523 U.S. 224, 230-31 (1998). As the Eleventh Circuit has explained:

> Moreover, in Booker, the Supreme Court reaffirmed its holding in Apprendi. See Booker, 125 S. Ct. At 756 (opinion of Stevens, J.) (reaffirming that "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence

>exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt" (emphasis added)). Thus, a district court does not err by relying on prior convictions to enhance a defendant's sentence. United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005).

The reason for the exception for prior convictions is clear: "a prior conviction must itself have been established through procedures satisfying the fair notice, reasonable doubt, and jury trial guarantees." Jones v. United States, 526 U.S. 227, 249 (1999).

### D.   Failure to Amend Appellate Brief to add a Blakely or Booker Argument Does Not Constitute Ineffective Assistance of Counsel.

Plaintiff has argued that his appellate counsel was ineffective because he failed to "research, prepare, perfect, and file an appeal arguing that Plaintiff's sentence violates Blakely, Booker and FanFan." As explained above, such arguments are not applicable to this case, because Plaintiff's sentence was enhanced based on his prior felony conviction for possession of cocaine with the intent to sell or deliver. It is not improper for a district court to rely on prior convictions to enhance a defendant's sentence. This conclusion was left undisturbed by Apprendi, Blakely, and Booker. Shelton, 400 F.3d 1325, 1329.

Under the circumstances of this case, had Plaintiff's appellate counsel filed an amended appellate brief with the Eleventh Circuit or a petition for writ of certiorari to the United States Supreme Court based on a Blakely or Booker argument, it would have been a futile gesture. "It is not ineffective assistance of counsel to not make an obviously meritless argument." U.S. v. Roquemore, 934 F.Supp. 1391, 1395 (M.D. Ga. 1996).

It is therefore ORDERED AND ADJUDGED that:

1.	Plaintiff's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2.	The Clerk is to enter judgment for Defendant, United States of America, and to close this case.

3.	The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#38, in the underlying criminal case, case number 8:03-cr-00384-JSM-ALL.

**DONE** and **ORDERED** in Tampa, Florida on March 27, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2005\05-cv-1357.mt vacate.wpd